WINSTON & STRAWN LLP
ANNETTE SALAZAR-SHREIBATI (BAR NO. 280769)
MICHAEL P. ROCHE
(*PRO HAC VICE* MOTION FORTHCOMING)
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
mroche@winston.com
ashreibati@winston.com

Attorneys for Defendant
UL LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

## SOUTHERN DIVISION

| | |
|---|---|
| NINDER CHIMA-JORDAN,<br><br>    Plaintiff,<br><br>vs.<br><br>UL, LLC aka UNDERWRITERS LABORATORIES and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br><br>**(Orange County Superior Court Case No.:30-2015-00814582-CU-OE-CJC)**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant UL LLC, aka Underwriters Laboratories, hereby removes the above-captioned matter from the Superior Court of the State of California in and for the County of Orange, to this Court, and state:

**JURISDICTIONAL STATEMENT**

**I. Introduction.**

1. This case is hereby removed from state court to federal court pursuant to 28 U.S.C. § 1332 because (1) complete diversity of citizenship exists between the parties, (2) the claims of Plaintiff Ninder Chima-Jordan exceed $75,000.00, and (3) this Court is in the judicial district and division embracing the place where the state court action was initiated and is pending. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), and Local Rule 8-1.

**II. The State Court Action.**

2. On October 13 2015, Plaintiff, commenced an action entitled *Ninder Chima-Jordan v. UL LLC, aka Underwriters Laboratories, et al.* in the Superior Court of the State of California in and for the County of Orange, Case No. 30-2015-00814582-CU-OE-CJC. A true and correct copy of the Complaint and all other documents Plaintiff served upon Defendant in addition to the Complaint (the "Complaint") is attached hereto as Exhibit "A."

3. The Complaint alleges six causes of action against UL LLC ("UL" or "Defendant"). The six causes of action are (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination; (3) failure to pay wages; (4) violation of the Family Medical Leave Act ("FMLA"); (5) failure to accommodate; and (6) wrongful termination in violation of public policy. (Id.)

4. The complaint alleges that "at all times mentioned in [the] complaint," UL "was a corporation, duly licensed, and conducting business in the County of Orange, State of California," and Plaintiff "was a resident of California." (Compl. ¶¶1-2.) The complaint further alleges that during the relevant time period, "Plaintiff was employed by and then terminated by Defendant." (Compl., ¶2.)

    5.    Plaintiff served Defendant with the Summons and Complaint on October 23, 2015. (Declaration of Annette Salazar-Shreibati ["Annette Salazar-Shreibati Decl."] ¶2, Ex. 1.)

### III.   Basis for Federal Jurisdiction – Diversity of Citizenship.

    6.    This action is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because it is an action between citizens of different states.

    7.    Plaintiff states that she was at the time of the filing of this action, and still is, a citizen of California. (Compl., ¶ 2.) To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence may serve as *prima facie* evidence of that party's domicile. *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff alleges that she is a California resident. (Compl., ¶ 2.) Further, Plaintiff alleges that she is a California citizen because UL employed Plaintiff in California "during the relevant time period." (Compl., ¶ 2.) Based on the foregoing, Plaintiff is, and at all relevant times was, a citizen, domiciliary, and resident of the State of California.

    8.    Defendant UL LLC was at the time of the filing of this action, and still is, a citizen of the States of Illinois and Delaware. UL LLC is incorporated in Delaware all of its executive and administrative operations are centrally located in and managed from its corporate headquarters in Northbrook, Illinois. (Declaration of Luminita Adela Rachi ["Rachi Decl."] ¶¶2-3.) The Ninth Circuit has held that the citizenship of a limited liability company for purposes of subject matter jurisdiction on the basis of diversity is determined by the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLC is a citizen of every state of which its owners/members are citizens"). In this regard, the sole member of UL is a corporation named UL Inc. ("UL Inc."). (Rachi Decl. ¶4.)

1 Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." UL Inc. is incorporated in Delaware. (Rachi Decl. ¶5.) Further, all of UL Inc.'s executive and administrative operations are centrally located in and managed from its corporate headquarters in Northbrook, Illinois. (Rachi Decl. ¶6.) Therefore, UL Inc.'s principal place of business, and thus its citizenship, is in Illinois. *Id.*; *See Hertz Corp. v. Friend, et al.*, 130 S. Ct. 1181, 185-1186, 1191-1192 (2010). UL Inc. is therefore a citizen of both Delaware (its state of incorporation) and Illinois (its principal place of business). Because UL Inc. is the sole member of UL, UL is also a citizen of Delaware and Illinois.

9. Although Plaintiff has plead "Doe" defendants in this action, she has failed to specify their place of citizenship. Such "Doe" defendants are disregarded in determining the existence of diversity. *See* 28 USC § 1441(b)(1).

### IV. Basis for Federal Jurisdiction – Amount in Controversy.

10. The Complaint seeks various forms of relief, including general and special damages, prejudgment interest, unpaid wages, punitive damages, penalties, attorneys' fees, and costs. (*See* Compl. pp. 10:5-11:7.)

11. Plaintiff also filed a Statement of Damages, which stated that Plaintiff seeks general damages in excess of $5,000,000 and special damages in excess of $5,000,000. (Salazar-Shreibati Decl. ¶2, Ex. 1, p. 15.) Because Plaintiff's statement of damages clearly exceeds $75,000, exclusive of interest and costs, the amount in controversy has been satisfied

12. As the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, this Court has diversity of citizenship jurisdiction over this case pursuant to 28 U.S.C. § 1332.

### V. Timeliness of Removal.

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) in that UL filed this Notice of Removal within 30 days after it received notice from

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Plaintiff's counsel on October 23, 2015 that the amount in controversy exceeded $75,000 and from which it first ascertained that the case is one which is or has become removable. (Salazar-Shreibati Decl. ¶2, Ex. 1.) Defendant filed this notice of Removal within 30 days of the October 23, 2015 service of the Summons and Complaint in the State Court Action. (Id.)

## VI. Compliance with Statutory Requirements.

14. Defendant is filing a written Notice of Removal to the Clerk of the State Court in which the action is pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice to Adverse Parties of Removal to Federal Court, together with this Notice of Removal, are being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

15. Pursuant to 28 U.S.C. § 84(c)(2), the geographic scope of the United States District Court for the Central District of California, Southern Division, encompasses the Superior Court of the State of California, County of Orange, where the action is currently pending, and thus this Court is a proper venue for this action.

WHEREFORE, Defendant requests that these proceedings be removed to this Court, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as though the action had originally been instituted in this Court.

Dated: November 23, 2015　　　　　**WINSTON & STRAWN LLP**

By: /s/ Annette Salazar-Shreibati
Annette Salazar-Shreibati
Attorneys for Defendant
UL LLC

LA:395210.2